UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                                              CRIMINAL ACTION NO. 3:09CR-88-S

GARY LLOYD KEITH                                                                 DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

The defendant, Gary Lloyd Keith, is charged in this case with knowingly receiving child pornography on or about November 2, 2007 (Count 1) and knowingly possessing child pornography on or about November 14, 2007 (Count 2). I will explain each of these counts later in these instructions.

The following general definitions apply to both counts charged in this case and should be considered by you during your deliberations with respect to each count:

The term "child pornography" means any visual depiction including any photograph, picture, or computer or computer-generated image or picture, made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

A "minor" is any person under 18 years old.

The term "visual depiction" includes data stored on computer media or by other electronic means that can be converted into a visual image.

The term "sexually explicit conduct" includes actual or simulated genital-genital or oral-genital sexual intercourse, whether between persons of the same or opposite sex, masturbation, or lascivious exhibition of the genitals or pubic area of any person.

A "lascivious exhibition" means indecent exposure of the genitals or pubic area are of a person in light of the context and setting of the display. Not every exposure is a lascivious exhibition.

In deciding whether a visual depiction is a lascivious exhibition, you may consider:

- the overall content of the material;
- whether the focal point of the visual depiction is on the minor's genitalia or pubic area;
- whether the setting of the depiction appears to be sexually inviting or suggestive–for example, in a location or in a pose associated with sexual activity;

- whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;
- whether the minor is partially clothed or nude;
- whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and
- whether the depiction appears to have been designed to elicit a sexual response in the viewer.

A visual depiction need not have all of these factors to be a lascivious exhibition.

The term "computer" means an electronic, magnetic, optical, electro-mechanical, or other high-speed data-processing device performing logical, arithmetic, or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device.

Both counts of the indictment require that the child pornography have been shipped or transported in interstate or foreign commerce by any means, including computer.

To be "shipped or transported in interstate or foreign commerce" requires movement of the alleged child pornography between different states or between the United States and any place outside the United States. It is not necessary for the United States to prove that the defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved

Proof of transmission of alleged child pornography over the Internet or over telephone lines satisfies the interstate commerce element.

# COUNT 1

Title 18, United States Code, Section 2252A(a)(2)(A) makes it a federal crime for anyone to knowingly receive child pornography that has been shipped or transported in interstate or foreign commerce.

For you to find the defendant guilty as to Count 1 of the indictment, you must be convinced that the United States has proved each of the following facts beyond a reasonable doubt:

First: On or about November 2, 2007, the defendant, Gary Lloyd Keith, knowingly received child pornography;

Second: That such child pornography had been transported or shipped in interstate or foreign commerce; and

Third: That at the time of such receipt, the defendant believed that the item or items constituted or contained child pornography.

To "receive" something means knowingly to accept or take possession of something. Receipt does not require ownership.

You will indicate your verdict on the verdict form provided for you, then proceed to the next instruction.

# COUNT 2

Title 18, United States Code, Section 2252A(a)(5)(B) makes it a federal crime to knowingly possess child pornography that has been shipped or transported in interstate or foreign commerce.

For you to find the defendant guilty as to Count 2 of the indictment, you must be convinced that the United States proved each of the following facts beyond a reasonable doubt:

<u>First</u>: On or about November 14, 2007, the defendant, Gary Lloyd Keith, knowingly possessed child pornography;

<u>Second</u>: That such child pornography had been transported or shipped in interstate or foreign commerce; and

<u>Third</u>: That at the time he possessed the item or items, the defendant believed that such item or items constituted or contained child pornography.

The law recognizes several kinds of possession. A person may have actual possession or constructive possession of an item. Whenever the word "possession" is used in these instructions, it includes actual and constructive possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it. The United States must prove that the defendant had actual or constructive possession of the child pornography and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

You will indicate your verdict on the verdict form, have your foreperson sign and date the form, end your deliberations, and return to the courtroom.

During the course of the trial, as you know from the instruction I gave you then, you heard evidence that at a time other than the time charged in the indictment in this case, the defendant committed an act similar to the acts charged here.  You must not consider such evidence to prove that the defendant did the acts charged in this case.  You may only use it to prove that the defendant participated in the Internet chat about which you have heard evidence and, if you so believe, the defendant's motive, if any, to commit the crimes he is charged with in this case.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the United States proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

A separate crime is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

The defendant is on trial only for those specific offenses alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted, the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED US
US DISTRICT COURT
WESTERN DISTRICT OF KY
09 MAY 12 PM 1:36

UNITED STATES OF AMERICA

v.

INDICTMENT

NO. 3:09cr-88-S

18 U.S.C. § 2252A(a)(2)
18 U.S.C. § 2252A(a)(5)(B)
18 U.S.C. § 2252A(b)(1)
18 U.S.C. § 2252A(b)(2)
18 U.S.C. § 2253

**GARY LLOYD KEITH**

The Grand Jury charges:

## COUNT 1

On or about November 2, 2007, in the Western District of Kentucky, Hardin County, Kentucky, the defendant, **GARY LLOYD KEITH**, knowingly received child pornography, as that term is defined in 18 U.S.C. § 2256(8)(A), that had been shipped and transported in interstate or foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

The Grand Jury further charges:

## COUNT 2

On or about November 14, 2007, in the Western District of Kentucky, Hardin County, Kentucky, the defendant, **GARY LLOYD KEITH**,

knowingly possessed child pornography, as that term is defined in 18 U.S.C. § 2256(8)(A), that had been shipped and transported in interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

A TRUE BILL.


CANDACE G. HILL
ACTING UNITED STATES ATTORNEY

CGH:JEL:090504

**VERDICT FORM**

| | |
|---|---|
| United States District Court | **District**<br>Western District of Kentucky |
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>GARY LLOYD KEITH | **Docket No.**<br><br>CRIMINAL ACTION NO. 3:09CR88-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, Gary Lloyd Keith, _____, as to Count 1 of the indictment.
    (guilty/not guilty)

The defendant, Gary Lloyd Keith, _____, as to Count 2 of the indictment.
    (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |